ALBERTO SIMEONE *vs.* JOSEPH HORACE LINDSAY.

*Case—Personal Injuries—Automobile; Management of—Person Controlling and Directing Liable—Rights and Duties—Negligence—Damages.*

1. The owner of an automobile has the same right as the owner of other vehicles to use the highway, and like them he must exercise reasonable care and caution for the safety of others. It is the duty of a person operating an automobile, or any other vehicle upon the public highway, to use reasonable care in its operation, to move it at a rate of speed reasonable under the circumstances, and cause it to slow up or stop if need be, when danger is imminent. The more dangerous the character of the vehicle or machine, and the greater its liability to do injury to others, the greater the degree of care and caution required in its operation.

2. If the defendant at the time of the accident was running the automobile at such a high rate of speed as prevented him from maintaining control of it, such rate of speed was unreasonable and the defendant was negligent.

3. A plaintiff will not be held guilty of contributory negligence who in the effort to avoid immediate danger, in the exigency of the moment, suddenly and without time for reflection, puts himself in the way of other perils without fault on his part; and particularly so if the defendant has placed him in such position.

4. In a case where admissions by a party to the suit adverse to his interest, are satisfactorily proved to the jury, such admissions are entitled to peculiar weight because a person is presumed by law not to

make admissions against his interest. Therefore, they should have with the jury just that weight which this peculiar character gives them.

5. If the automobile at the time of the accident was entirely operated and controlled by some one other than the defendant, the plaintiff could not recover. It is not, however, necessary that the defendant should have been the owner of the automobile. If he had, at the time of the accident, control of the machine, so as to be able to govern its management, or operation, any negligence in operating the machine would be the negligence of the defendant.

(*February* 27, 1907.)

LORE, C. J., and PENNEWILL, J., sitting.

*Leonard E. Wales* for plaintiff.

*James W. Ponder* for defendant.

Superior Court, New Castle County, February Term, 1907.

ACTICN ON THE CASE (No. 131, September Term, 1906), to recover damages for personal injuries alleged to have been sustained by reason of being run into, knocked down and run over by an automobile operated by the defendant.

See facts in charge of Court.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This action is brought by Alberto Simeone, the plaintiff, against the defendant, Joseph Horace Lindsay, to recover damages for personal injuries which he alleges he sustained by reason of being run into, knocked down and run over by an automobile driven and operated by the defendant on the eighth day of October, 1905, on the Kennett Turnpike near this City and close to Dupont's school house. The plaintiff alleges that he and some companions were walking in or along said turnpike or road when the automobile operated by the defendant, and moving in the same direction at a rapid, excessive and unreasonable rate of speed, and without giving any signal or warning of its approach by gong, bell or otherwise, ran upon the plaintiff, knocked him down, ran over him and broke his leg. He contends that the injuries he received were

caused by the careless and reckless manner in which the machine was managed or operated.

The defendant denies that he is liable in this action, for two, reasons: (1) Because he was not operating, had no control of or anything to do with, the automobile at the time of the accident to the plaintiff; and (2) because the said accident was not caused by any negligence on the part of the person operating the automobile, but on the contrary the operator used all necessary and reasonable care to avoid the accident of which the plaintiff complains. And he insists that the injury was caused by the carelessness of the plaintiff in stepping in front of the machine at a time when it was too late for the driver to either stop the machine or change its course.

We have been asked by the defendant to direct you to find a verdict for the defendant in this case. This we decline to do, because we think it is such a case as should be submitted to and determined by the jury under the evidence you have heard and the law as we shall state it.

It is admitted that the Kennett Turnpike upon which the accident in question occurred, is a public road or highway. A public highway, this Court has declared, is open in all its length and breadth to the reasonable, common and equal use of the people, on foot or in vehicles. The owner of an automobile has the same right as the owner of other vehicles to use the highway, and like them he must exercise reasonable care and caution for the safety of others. A traveler on foot has the same right to the use of the public highway as an automobile or any other vehicle. In using such highway all persons are bound to the exercise of reasonable care to prevent accidents. Such care must be in proportion to the danger in each case. Where one undertakes to pass another on the highway, going in the same direction, he must take reasonable care to exercise that right so as not to injure another, and would be liable for all consequences resulting from negligence or imprudence on his part. It is the duty of a person operating an automobile, or any other vehicle upon the public highway, to use reasonable care in its operation, to move it at a rate of speed reasonable under the circumstances,

and cause it to slow up or stop if need be, when danger is imminent, and could by the exercise of reasonable care be seen or known in time to avoid accident. There is a like duty of exercising reasonable care on the part of the person traveling on foot. The person having the management of the automobile and the traveler on foot are both required to use such reasonable care, circumspection, prudence and discretion as the circumstances require; an increase of care being required where there is an increase of danger. And both are bound to the reasonable use of all their senses for the prevention of accident, and the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances. The more dangerous the character of the vehicle or machine, and the greater its liability to do injury to others, the greater the degree of care and caution required in its use and operation. And a person traveling by foot on a public road is required to use reasonable care to avoid collision with a vehicle, and if he saw the vehicle before it struck him, or by the reasonable use of his senses could have seen it in time to avoid the injury, it is his duty to do so.

If the defendant at the time of the accident was running the automobile at such a high rate of speed as prevented him from maintaining control of it, such rate of speed was unreasonable and the defendant was negligent.

If the negligence of the plaintiff contributed to and entered into the accident at the time the injuries were received, he cannot recover, even though the defendant was also guilty of negligence, because in such case the plaintiff himself would be guilty of contributory negligence. The plaintiff, however, would be entitled to recover notwithstanding there had been some negligence on his part; if it was the negligence of the defendant alone that was the proximate or immediate cause of the accident: In other words, if notwithstanding any previous negligence of the plaintiff the defendant could have prevented the accident by the use of ordinary and reasonable care. And while a plaintiff will not be held guilty of contributory negligence who in the effort to avoid immediate danger, in the exigency of the moment,

suddenly and without time or opportunity for reflection, puts himself in the way of other perils without fault on his part, and particularly so if the defendant has placed him in such position; yet if the plaintiff walked into a danger that the observance of due care would have enabled him to avoid and is thereby injured, he would be guilty of contributory negligence.

A pure accident without negligence on the part of the defendant is not actionable, and if the jury should believe that it was of such character it would come under the head of unavoidable accident and the plaintiff could not recover.

When the testimony is conflicting, the jury should endeavor to reconcile it so that the whole may be harmonious. If this cannot be done, then it becomes the duty of the jury to estimate and weigh in their minds the value of the testimony on the respective sides, and give their verdict to that side upon which the testimony is of the greatest weight or preponderance and most worthy of credit. In estimating such weight the jury are to consider the witnesses' means of knowledge of the facts about which they speak, their intelligence, apparent truthfulness and fairness, and any other facts or circumstances shown by the evidence with respect to the witnesses that show the reliability of their statements.

In a case where admissions by a party to the suit, adverse to his interest, are satisfactorily proved to the jury, such admissions are entitled to peculiar weight because of the principle that men are presumed by law not to make admissions against their interest. Therefore they should have in the minds of the jury just that weight which this peculiar character gives them.

To enable the plaintiff to recover at all in this action, he must have shown to your satisfaction by the weight of the evidence that the negligence which caused the accident, if there was any negligence, was the fault of the defendant. The burden of proving such negligence is upon the plaintiff, and the defendant can be held liable only for such negligence as constitutes the proximate or immediate cause of the injury.

In order for the plaintiff to recover you must be satisfied from the evidence not only that his injuries were caused by the

negligent operation or running of the automobile, but that it was so negligently operated by the defendant. If the automobile at the time of the accident was entirely operated and controlled by some one other than the defendant, the plaintiff could not recover. It is not, however, necessary that the defendant should have been the owner of the automobile, because if you believe that he had at the time of the accident, control of the machine so as to be able to govern its management or operation, any negligence in operating the machine would be the negligence of the defendant.

Now, gentlemen, if you believe from the weight of the evidence in this case that the defendant at the time of the accident was operating the automobile that caused the injury to the plaintiff; that is, was under his direction or control, and shall also believe that the injuries to the plaintiff were caused by the negligent running and operation of the machine, and that the plaintiff himself was free from any negligence that contributed to the accident, your verdict should be in favor of the plaintiff.

If, on the other hand, you are not satisfied from the weight of the testimony that the defendant at the time of the accident was running or operating the automobile, and had the management and control of it; or if you are not satisfied that the injuries to the plaintiff were caused by the negligent running and operation of the machine, your verdict should be in favor of the defendant.

And we further say to you that if you believe that there was any negligence on the part of the plaintiff operating at the time of the accident which contributed to the injuries he received, your verdict should be in favor of the defendant. Or if you believe that plaintiff's injuries were the result of pure accident, and could not have been prevented or avoided by the exercise of reasonable care on the part of the defendant, your verdict should be in favor of the defendant.

If you find for the plaintiff your verdict should be for such a sum as will reasonably compensate him for the injuries he has sustained and proved, including therein his loss of time and wages, his pain and suffering in the past, and such as may come

to him in the future, resulting from the accident, and also for any permanent injuries shown by the evidence to have been received, such sum as you believe will cover his pecuniary loss on account of any impaired ability to earn a living in the future as a result of such accident.

Verdict for plaintiff for $100.