## Goodwin v. Miller, et al.

(Decided October 6, 1925.)

### Appeal from Fayette Circuit Court.

1. Municipal Corporations—Evidence Held to Sustain Verdict Denying Recovery for Injuries to Pedestrian by Automobile.—In action for negligent injury by automobile, evidence that plaintiff stepped in front of defendant's car, which was traveling slowly, in accordance with traffic signals, held to show that verdict for defendant was in accordance with weight of evidence.

2. Trial—Refusal to Instruct as to Acts of Negligence Not Covered by Complaint Not Error.—In action for negligent injury by automobile, allegation that plaintiff was negligent in speeding and in failing to give signal bound plaintiff to them, and raised no other issue as to negligence in any other particular, so that refusal to instruct on duty to keep lookout was not error, since not authorized.

3. Appeal and Error—Failure to Instruct as to Permanent Damage no Error, where Verdict for Defendant.—In action for negligent injury, failure to instruct jury as to damage for permanent injury was not prejudicial, where jury found defendant was not liable.

4. Damages—Failure to Instruct as to Damage for Permanent Injury Not Error, where no Evidence on which to Base it.—In action for negligent injury, failure to instruct as to damage for permanent injury was not error, where no evidence was disclosed on which to base instruction.

J. A. EDGE and ALLAN D. COLE for appellant.

FRANK L. McCARTHY and HUNT, NORTHCUTT & BUSH for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant, T. F. Goodwin, as plaintiff below, sued appellees, Harry B. Miller and his chauffeur, Frank Bodley, to recover for personal injuries received by being struck by Miller's automobile while being driven by Bod-

ley. The trial resulted in a verdict for appellees, and, his motion and grounds for a new trial having been overruled, appellant prosecutes this appeal.

It is insisted that the verdict is against the evidence. According to the evidence for appellant he was crossing Main street, in Lexington, Kentucky, from north to south at the intersection of Main and Limestone streets, and was run down and wounded by appellee Miller's automobile while being driven by his chauffeur, appellee Bodley. According to his testimony, before undertaking to cross the street he looked, observed that people were crossing at that point, and did not see any automobile. No notice or signal of any kind of the approach of an automobile was given. While then crossing the street he was struck by something, he not even knowing what it was, and rendered unconscious. He regained consciousness in a hospital to which he had been taken. The remainder of his testimony was confined to statements as to the extent of his injuries and suffering and the expense to which he was put by reason thereof. No witness other than appellant himself testified for him as to how he received his injuries. Appellee, Harry B. Miller, was not present when the injury occurred. His chauffeur, appellee Bodley, testified that he was traveling west on Main street; that when he reached Limestone street he had to stop the automobile because traffic at that corner was controlled by a traffic officer with a semaphore and the semaphore was set against him; that when the traffic on Main street was released upon the turning of the semaphore giving him the right of way, he started again and while running about six miles an hour and, after he had crossed Limestone and proceeded on Main street about forty feet beyond the crossing, appellant stepped immediately in front of the automobile he was driving from between two automobiles parked on Main street. As quickly as possible he applied the brakes and stopped his automobile, but before he could do so it had struck and inflicted the injuries upon appellant. One other witness testified as to how appellant's injuries were inflicted, Dr. J. E. H. Willis, a resident of Fayette county, Kentucky. He testified that a short while before the accident he parked his automobile on Main street in front of the Metropolitan restaurant, and crossed the street to McGurk's drug store. While he was standing in front of that store talking with a friend he saw appellant hesitate a moment at the curb of the sidewalk in front of the Metropolitan and then

step from the sidewalk into the street between the doctor's car and another parked there and then walk out into the street clear of those cars and immediately in the path and in front of the approaching automobile being driven by appellee Bodley. He testified that the driver of the automobile stopped it immediately; that he hastened to the aid of the man who was injured; that he and the chauffeur and another lifted appellant into appellee's automobile and carried him immediately to a hospital, where the witness assisted in the first treatment given him. Under that state of facts appellant's contention that the verdict of the jury is against the evidence can not be sustained. On the other hand, the evidence rather seems to preponderate in favor of the conclusion reached by the jury.

Appellant insists that the court erred in giving instruction number 1 and in refusing the instruction on the same subject offered by him. It is insisted that the instruction given was erroneous in that it did not point out to the jury all that was required of the driver of the automobile by way of care to render him free of negligence, and particularly that the instruction did not require him, among other things, to keep a lookout. We find that in drafting his petition appellant specified the negligence of the appellees as driving the automobile at a high rate of speed and without giving any warning notice or signal of any kind of its approach. Having specified excessive speed and failure to give warning as the acts constituting appellees' negligence, appellant is bound by them, and no issue is made as to appellees being negligent in any other particular. Hence, no instruction embodying any other element of negligence was authorized or would have been proper. The instruction given covered fully both elements of negligence specified in the petition and hence was as full as the issues made by the pleadings authorized.

Appellant complains that instruction number 3, the instruction submitting the measure of damages to the jury, was erroneous in failing to instruct the jury in what state of case the jury might recompense appellant for the permanent impairment of his power to earn money. Since the jury found that appellees were not responsible for appellant's injuries, if the evidence had authorized the embodiment in the instruction on the measure of damages of appellant's right to be recompensed for the permanent impairment of his ability to earn money, failure

to do so could not be held to be prejudicial. However, the record discloses no evidence upon which such an instruction could have been based. Appellant testified for himself describing his injuries and their effects upon him, but his injuries, according to his testimony, consisted only of abrasions, bruises and contusions. No bones were broken. He introduced no physician or surgeon to establish that his injuries might be permanent in their nature, and from the two doctors introduced by appellees there was no testimony tending to establish that appellant's injuries were permanent or that by them his power to earn money had been permanently impaired.

There has not been pointed out to us, neither have we found from our examination of the record, any error committed upon the trial of this case upon which a reversal of the judgment might be based. Therefore, the judgment is affirmed.