ELWOOD WEST *vs.* CITY OF MEDFORD.

Middlesex.    March 18, 19, 1926. — March 23, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, In use of highway.

At the trial of an action by a boy seven years of age against a city for personal injuries caused when a motor truck of the defendant ran into the plaintiff as he was crossing a public way, it is proper to order a verdict for the defendant if the evidence most favorable to the plaintiff tends merely to show that the plaintiff, when at the first of two street car tracks, noticed the truck on his right and an approaching trolley car on his left and ran faster and remembered nothing more; that he ran with his head down; that the street car stopped without hitting him, and that the driver of the truck, going twelve to fifteen miles per hour and then about ten or fifteen feet away, tried to avoid the accident, but was unable to do so and stopped within ten or fifteen feet.

TORT for personal injuries received when the plaintiff, a boy seven years of age, was run into by a motor truck of the defendant as he was crossing Bowen Street in Medford. Writ dated June 21, 1922.

In the Superior Court, the action was tried before *Hammond,* J. At the close of the evidence, on motion by the defendant, a verdict was ordered in its favor. The plaintiff alleged exceptions.

*M. Witte,* for the plaintiff.

*K. C. Parker,* for the defendant.

BY THE COURT. The material evidence in its aspect most favorable to the plaintiff was that the plaintiff, a boy seven years of age at the time of the accident, testified that he started "trotting" across Main Street and when in the first of two street railway tracks he noticed the defendant's motor truck toward his right "about one hundred feet away" and

then an approaching trolley car on his left "pretty close to him" and "started to go faster," "ran quite fast," and remembered nothing more. The driver of an automobile following the truck of the defendant, called as a witness by the plaintiff, testified that the street was up grade as he was travelling, that the truck was going from twelve to fifteen miles an hour, that when he first noticed the plaintiff he was running in front of an electric car approaching from the opposite direction; "that the plaintiff was running as hard as he could with his head down; that he was running pretty fast for a boy of his years"; that as far as he could see "he didn't look at anything"; that the electric car stopped suddenly and avoided hitting the boy; that the truck then was about ten or fifteen feet away; "that the plaintiff continued to run fast and without apparently looking at the truck, ran directly in front of it; that from the manner in which the plaintiff ran, it looked . . . as if an accident was unavoidable; . . . that the driver of the truck tried to avoid hitting the boy . . . that from the time . . . [he] saw the boy run in front of the electric car from the truck driver's left, the speed of the truck seemed to diminish and it stopped in about ten or fifteen feet, and at the same time swerved to the right and brought the right front wheel just about in the gutter." When it stopped, the plaintiff was under the running board back of that wheel. A verdict was rightly directed for the defendant. *Rizzittelli* v. *Vestine,* 246 Mass. 391. *Whalen* v. *Mutrie,* 247 Mass. 316. *Kelley* v. *Boston & Northern Street Railway,* 223 Mass. 449. *Nager* v. *Reid,* 240 Mass. 211. *O'Donnell* v. *Bay State Street Railway,* 226 Mass. 418.

*Exceptions overruled.*