# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

NELDA SMITHELL *vs.* CHESTER R. MURPHY. March 31, 1942. Order dismissing report affirmed. This is an action of tort brought in the Municipal Court of the City of Boston to recover compensation for personal injuries sustained by the plaintiff as a result of being struck by a motor vehicle operated by the defendant on a public way. There was a finding for the plaintiff. A report to the Appellate Division was dismissed and the defendant appealed. There was evidence that the plaintiff at about 2 A.M. on November 27, 1940, alighted from a street car on the outbound track that had stopped almost opposite an intersecting street; that she walked in front of the street car, crossed the inbound track and the street, and was almost on the sidewalk when she was struck by "the center" of a motor vehicle, operated by the defendant, which approached her from her right; and that this motor vehicle knocked her to the ground and dragged her "to the left and to the curb to the right" a distance of fifteen or twenty feet. There was evidence that it was snowing, but also evidence that the motor vehicle was visible to the plaintiff at a distance of one hundred fifty feet. The only question for decision is whether the evidence warranted a finding that the defendant was negligent. It did. It could have been inferred that the defendant, in the exercise of reasonable care, should have seen the plaintiff when crossing the street in time to take precautions, by either stopping or passing behind her, to avoid striking her, and it could have been inferred from the evidence as to the place where the plaintiff was when struck and the manner in which she was struck and dragged that the defendant failed to exercise reasonable care to avoid striking her. *Mulroy* v. *Marinakis*, 271 Mass. 421, 424. *West* v. *Medford*, 255 Mass. 266, *McGrimley* v. *Jameson*, 297 Mass. 280, and *Conte* v. *Mizzoni*, 298 Mass. 463, relied on by the defendant, are distinguishable. There was here more basis for a finding of negligence than the mere happening of the accident.

R. J. Dunn & V. L. Scanlon, for the defendant, submitted a brief.
J. D. Donahue, for the plaintiff.