HERBERT F. MILLIGAN *vs.* MAURICE WEARE.

York.    Opinion, September 29, 1942.

*Waterhouse, Spencer & Carroll,* by *Lincoln O. Spencer* and *Harold D. Carroll,* for the plaintiff.

*William B. Mahoney,*

*Willard & Willard,*

*Hiram Willard,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

STURGIS, C. J.    In this action on the case for negligence at the close of the evidence a motion for a directed verdict for the defendant was denied and an exception reserved. The jury to whom the case was then submitted having returned a verdict against him, the defendant filed a general motion for a new trial. As the exception and motion raise the same questions for review the exception must be regarded as waived.

In the late afternoon of August 8, 1941, but in the broad daylight of a clear day, the plaintiff, as he attempted to cross U. S. Highway No. 1 or Route 1, as it is called, at Wells Corner, Maine, was struck and seriously injured by an automobile driven by the defendant's employee who was on his way to a nearby railroad station to bring back a visiting guest. Route 1, a concrete three lane main highway running practically north and south at Wells Corner, is intersected there by a road coming in from the west known as the "Sanford Road" and the travel through this intersection is constant and heavy. Cross walks for pedestrians are plainly marked off by yellow lines on the surfaces of the ways and traffic is regulated by automatic electric signal lights of the usual type. The center lane of Route I for a distance of about three hundred feet southerly of the intersection is designated and marked by yellow lines as a "Left Turn Lane" for the use of vehicles turning left at the intersection into the Sanford Road. Left turns, however, are subject to regular light signals.

The transcript of the evidence discloses that the plaintiff, accompanied by his fiancee, had driven to Wells Corner, parked his automobile on the westerly side of Route I just beyond and southerly of the intersection, crossed alone to a drug store on the opposite side and begun a return trip to his waiting companion and car. When he reached the highway the signal on it regulating traffic had flashed red and cars traveling in opposite directions in the outside lanes had come to a standstill and as one in the easterly lane had stopped on the cross walk, instead of going around in front of that and crossing in the place set apart for pedestrians he moved back, walked in between two cars and out into the middle lane and was immediately hit and knocked down by the defendant's car which was coming up that lane for a left turn into the Sanford Road.

The controlling question in this case is whether the plaintiff was exercising due care when he was injured. Regardless of the conduct of the defendant's employee if the plaintiff's own negligence was the sole or a contributing proximate cause of his injuries he is not entitled to a verdict and a new trial must be granted.

In the absence of statutory or municipal regulations which do not exist here, a pedestrian has equal rights in the streets with the operators of automobiles and he is not guilty of negligence as a matter of law in attempting to cross a street at a place where there is no cross walk although one is provided elsewhere. But wherever he crosses he must make such use of his senses as the situation demands and cannot walk into a danger that the observance of due care would have enabled him to avoid. *Hill* v. *Finnemore*, 132 Me., 459, 172 A., 826; *Bechard Adm'x*. v. *Lake*, 136 Me., 385, 11 A. (2d), 267. He cannot be deemed to be in exercise of due care if without exigency he suddenly emerges from a position of safety but of obscurity and presents himself directly in the path of an approaching automobile and so near to it that a collision cannot be avoided. *Cooper & Company* v. *Can Company*, 130 Me., 76, 153 A., 889, and cases cited. And he cannot justify such action on his part

by showing that he looked for danger which was apparent but did not see it. Mere looking will not suffice. A pedestrian in such a situation is bound to see what is obviously to be seen. *Clancy* v. *Power & Light Co.*, 128 Me., 274, 147 A., 157.

By his own admission the plaintiff without warning walked through a line of cars which, until he emerged, obscured his movements and stepped out into the center lane of a main highway in front of a rapidly moving automobile which must have been in plain view but was not seen by him. He did not follow the cross walk which was established for the use of pedestrians but came into the center lane at a place where it could not be reasonably anticipated he would appear. It is not controverted that the oncoming automobile which hit him was not then more than ten or twelve feet away and being driven at a more or less rapid speed. He says he took one step into the middle lane, looked to his left and saw no automobile, looked to his right and across the highway, started to take another step when out of the corner of his eye he saw the automobile a few feet away and was hit before he could retreat. We are convinced that he either did not look at all to his left or if he did he was so inattentive that he failed to observe the danger which threatened him and take available precautions for his own safety. He gave the driver of the approaching car no time or opportunity to avoid the collision. It was his own negligence which was the proximate cause of his injuries.

The facts in this case are not seriously in dispute and the controlling principles of law, it must be assumed, were stated and fully explained to the jury. It is entirely possible that these rules and their application to the proven facts were misunderstood. We shall assume that this is why the erroneous verdict was returned. It must, however, be set aside and a new trial granted.

*Exception overruled.*
*Motion sustained.*
*Verdict set aside.*
*New trial granted.*