## DRIGOTAS v. DOYLE.

### No. 525.

United States District Court
D. Maine, S. D.

Aug. 25, 1949.

dict rendered by the jury, is against the law and the charge of the presiding Judge, against the evidence and manifestly against the weight of the evidence in this case.

This action was commenced before a jury on the 22nd day of May, 1949, continuing until the jury returned its verdict for the plaintiff on the 25th day of May 1949 in the sum of $3,663. The award of damages by the jury is not claimed to be excessive.

A motion for a directed verdict was made by the defendant at the close of the evidence offered by the plaintiff and was renewed at the close of all the evidence. The Court reserved decision on this motion and on June 3, 1949, denied the motion for a directed verdict.

The present motions will be considered together. The defendant's motion for a directed verdict was based upon his contention that the plaintiff had failed to prove, by the weight of the evidence, that he was free from contributory negligence. Even though the negligence of defendant's agent be admitted, and defendant admits this negligence for the purpose of this motion, a verdict for plaintiff may not stand, unless the jury was warranted in finding, by the weight of the evidence, that plaintiff was free from any negligence that contributed to his injuries. In the words of the Supreme Judicial Court of Maine speaking in Haskell v. Herbert, Me.1946, 48 A.2d 637, 638, "It is elemental that 'a verdict should not be ordered by the trial court when, giving the party having the burden of proof the most favorable view of his facts and of every justifiable inference, different conclusions may fairly be drawn from the evidence by different minds."

Wilfred A. Hay, Portland, Maine, Charles A. Pomeroy, Portland, Maine, for plaintiff.

William B. Mahoney, Portland, Maine, for defendant.

CLIFFORD, District Judge.

This was a motion brought by the defendant pursuant to the provisions of Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to set aside the verdict and judgment entered in the above captioned case, and urging further that judgment be entered for the defendant in accordance with his motion for a directed verdict, or, in the alternative, that the Court grant to the defendant a new trial because the ver-

The Facts.

The facts stated are as follows: The plaintiff, a resident of Chelsea, Massachusetts, came to Maine on the 20th day of March 1948, for the purpose of locating his automobile which had been stolen from him some time previously in Massachusetts. Acting upon information obtained from police, he came to Portland, at about 12:00 o'clock noon on a pleasant, clear day. He started immediately thereafter by bus to-

ward the town of Yarmouth on Route 1, leading from Portland to Yarmouth in an easterly direction. After travelling as a bus passenger several miles from Portland to a point southerly and opposite the Pine Grove Filling Station on Route 1, plaintiff requested the bus operator to stop and wait until he had made certain inquiries at the filling station concerning his stolen automobile. The bus operator stopped, agreed to wait, and parked the passenger bus on the gravel shoulder on the right-hand or southerly part of the highway which was free of ice or snow. The front left wheel of the bus was approximately two feet off from the southerly edge of the cement part of the highway. The bus was about forty feet long, so that the overhang of the body of the rear end of the bus extended about one foot onto the southerly edge of the cement portion of the highway. As the bus stopped it was parked, slanting slightly, in a southeasterly direction. The plaintiff alighted from the bus and proceeded easterly toward Yarmouth, a distance of ten or twelve feet on the right-hand gravel shoulder of the highway in front of the bus and parallel to the side of the road. He looked ahead toward Yarmouth where he had an unobstructed view for a distance of a quarter of a mile. He saw nothing approaching from that direction. He turned to his left and stepped about three feet onto the cement surface of the road, then, for the first time, looked westerly, toward Portland, and, at a distance estimated as being between eighty and one hundred twenty feet he noticed defendant's truck approaching at a rapid rate of speed on the right hand or southerly lane of the highway. He stopped, pulled back and was struck by the rear view mirror attached to the hinge on the right-hand door of the cab of the truck and was knocked to the ground.

The operator of the truck was the defendant's agent, engaged at this time in the conduct of the defendant's business. This agent had travelled over the highway between Portland and Yarmouth almost daily for over a year and a half on the business of the defendant. He was thoroughly familiar with this entire area. He was driving a relatively new two-ton Ford truck, with a van body, equipped with rear view mirrors on the left and right-hand side of the cab.

The operator of the truck saw the passenger bus pull into its accustomed stopping place, opposite the filling station, when he was over four hundred feet westerly of it. He knew that passengers were accustomed to get on and off the bus at this place, and that people sometimes walked out from behind and alongside of the bus. The driver was operating his truck at the time he approached and passed the bus on the right-hand or southerly lane of the highway within a distance of two or three feet from the left-hand side of the bus at a speed of between twenty-five and forty miles an hour.

He testified that: "Mr. Drigotas walked right out and that is the only thing I saw just before the accident."

He testified also that he saw the plaintiff on the highway as he passed the bus. That would be at a distance of approximately forty feet from the plaintiff.

Furthermore, he testified that he had blown his horn prior to passing the bus. He continued on a straight course before and while passing the bus, turning neither to the right nor to the left, and maintained a constant speed. As he passed the plaintiff he heard a thud, knew that some part of the side of the truck had hit the plaintiff; and he stopped his truck on the right-hand or southerly gravel shoulder of the highway some distance easterly of the scene of the accident.

The plaintiff, Mr. George Drigotas, and an eye witness called by the plaintiff, a Mr. Norman S. Pratt, gave testimony relative to the events which took place immediately before and at the time of the accident. The plaintiff appeared to be honest, frank, and fair in giving his testimony and made a good impression upon the Court.

Witness Pratt impressed the Court as being wholly disinterested, intelligent, unbiased, and fair. He was in a position to clearly observe what transpired immediately before and at the time of the accident. His answers to the questions propounded by counsel were given promptly and with-

out equivocation; and he corroborated, in all substantial respects, the testimony of the plaintiff.

At the conclusion of defendant's argument on the present motion, the following statement of defendant's position was made: "I ask you to rule on his (plaintiff's) evidence, and in giving his evidence the most favorable view that can be given to it, any reasonable view of the testimony, that when he says that when he walked onto the road, without looking, regardless of what he did after he got out there, *he fails to offer affirmative evidence of due care.* That is the basis of my argument."

In other words, the defendant contends that since the plaintiff admits that he did not look to his left before stepping onto the highway, under the law of Maine, he has necessarily failed to offer affirmative evidence of due care, irrespective of what he did after he got on the highway. This Court is not in accord with this construction of the Maine law.

The defendant places his main reliance in support of this contention upon the rule in Cooper & Co. v. American Can Company, 1931, 130 Me. 76, 153 A. 889, 891, and a line of cases following that rule. In the Cooper case the Court held that a verdict in favor of a plaintiff who "stepped into the path of the swiftly moving car" could not stand because of his "utter lack of due care." The decisive fact in that case was that decedent stepped from in front of a stalled truck onto a main highway in the path of defendant's approaching car and was immediately struck and killed. Noting that decedent's negligence continued up to the moment of impact, the Court held that there could be no recovery, and upset a jury verdict which had been returned in favor of the plaintiff.

█ In an able discussion of the law of contributory negligence in such cases, the Maine Court said, 130 Me. at page 80, 153 A. at page 890: "In the protection of his person or property when about to emerge from a position of security and step onto a traveled highway a pedestrian must exercise due care. The decisions are unanimous * * *. He must do what the ordinarily intelligent and prudent person in like situation would do. Usually when about to step from a city curb or country road margin on a highway, to cross or to traverse it, a pedestrian is not charged with the duty to look and listen. Shaw v. Bolton, 1923, 122 Me. 232, 119 A. 801."

And 130 Me. at page 81, 153 A. at page 891 "The elements of *natural and probable result,* and that the result ought to have been foreseen by a person of ordinary intelligence and prudence *in the light of attending circumstances,* are distinguishing characteristics when the acts of the injured one are studied. (Emphasis of the Maine Court). Whether his negligence was a proximate cause of this accident depended on *whether he exercised due care under the attending circumstances.*" (Emphasis added.)

█ In the case of Milligan v. Weare, 139 Me. 199, 28 A.2d 463, cited by defendant, the Maine Court ruled, 139 Me. at page 202, 28 A.2d at page 464: "He (the plaintiff) cannot be deemed in the exercise of due care if without exigency he suddenly emerges from a position of safety but of obscurity and presents himself directly in the path of an approaching automobile and so near to it that a collision cannot be avoided."

█ In the Milligan case the Court also stated, 139 Me. at page 201, 28 A.2d at page 464: "In the absence of statutory or municipal regulations which do not exist here, a pedestrian has equal rights in the streets with the operators of automobiles and he is not guilty of negligence as a matter of law in attempting to cross a street at a place where there is no cross walk, although one is provided elsewhere. But wherever he crosses he must make such use of his senses as the situation demands and cannot walk into a danger that the observance of due care would have enabled him to avoid."

The above rules are accepted by this Court as the applicable law in the fact situations where they were laid down. The plaintiff contends that the facts of the present case are distinguishable and subject to a different rule.

The plaintiff relies upon certain words of the Maine Court in Ross v. Russell, Me. 1946, 48 A.2d 403, a case where the Maine Supreme Court refused to hold that a minor plaintiff had been guilty of contributory negligence as a matter of law. Here the Court distinguished, page 405, cases similar to Milligan v. Weare, stating that: "The issue in those cases has been, not one so much of contributory negligence, but of whether the act of the pedestrian may not have been the sole proximate cause of the accident."

At page 405 of 48 A.2d the Court notes: "* * *: one other consideration. Whether or not a pedestrian in crossing a street may be guilty of negligence depends in part at least on the extent to which he may rely on the fact that approaching vehicles will be lawfully and carefully driven. He is not negligent as a matter of law because he fails to anticipate negligence on the part of the driver of a car. Day v. Cunningham, 1926, supra, 125 Me. [328] 333, 133 A. [855] 857, 47 A.L.R. 1229. For this reason the ordinary rule is that in such cases contributory negligence is a question for the jury."

The plaintiff has also cited the case of Hill v. Finnemore, 1934, 132 Me. 459, 172 A. 826. Here the facts which the jury might have found were as follows: The plaintiff was standing on the south side of the road 15 feet back of his parked car. He saw a man on the opposite side to whom he wished to speak. He looked to his right, saw nothing, stepped out, and after taking a second step, saw defendant's car approaching rapidly from his left. He noted that the defendant was looking elsewhere and apparently had not seen him, but he was hit before he could jump back, as defendant swerved in toward him. The Maine Supreme Court refused to set aside a verdict for plaintiff. Subscribing to the rule quoted above from Milligan v. Weare, the Court nevertheless said, 132 Me. page 466, 172 A. page 830, that the jury could have found that plaintiff, only three feet out from the curb, *had not placed himself in a position of danger.* (Emphasis added).

In Wiles v. Connor Coal & Wood Company, Me.1948, 60 A.2d 786, the Maine Supreme Court sustained defendant's exceptions to the refusal of the trial court to direct a verdict for defendant. The issue of contributory negligence was discussed, but the case turned on the lack of proof of defendant's negligence. On page 789 of 60 A.2d, the Court observed as a general rule: "That it is the particular and peculiar province of a jury to resolve such issues of fact as are involved in the instant cases is so clearly established as to require no citation of authority."

In the present case the jury may well have found from credible evidence in the case that the plaintiff, at the time he was hit by defendant's truck, was out in the street only a distance of approximately three feet from the southerly edge of the highway and from ten to twelve feet in front of the parked passenger bus; that, being in that position, he had not placed himself at a point of danger, as the truck was then approximately 120 feet to his left; that he did not jump or walk out into the side of defendant's truck, and that the sole proximate cause of the accident was the fact that the defendant negligently failed to turn his truck to the left into an area free of obstruction with ample room in which to travel, but continued straight on his course at an excessive rate of speed, and thus collided with the plaintiff. The finding of such facts clearly distinguishes this case from the cases above cited.

This Court cannot hold that the jury made any manifest or palpable error in finding negligence on the part of the defendant as the proximate cause of the plaintiff's injuries or that the plaintiff, himself, was guiltless of contributory negligence.

Therefore: The motion is hereby denied and an order shall be prepared in accordance with this opinion.