**Margaret D. DAVIS,**

v.

**Woodrow R. SEVERANCE.**

Supreme Judicial Court of Maine.

Submitted on briefs Jan. 6, 1995.

Decided April 19, 1995.

Bernard J. Kubetz, Thad B. Zmistowski, Eaton, Peabody, Bradford & Veague, P.A., Bangor, for plaintiff.

John A. Woodcock, Jr., Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Margaret D. Davis appeals from a judgment entered in the Superior Court (Penobscot County, Pierson, J.) on a jury verdict reducing damages awarded to her from $39,000 to $19,890, pursuant to 14 M.R.S.A. § 156 (1980),[1] on her complaint against Woodrow R. Severance for personal injuries suffered by her because of his alleged negligent operation of his automobile. We agree with Davis's contention that the trial court erred in its instruction to the jury, and accordingly, we vacate the judgment.

Davis contends that because it was unsupported by the evidence, the trial court erred in giving the following instruction to the jury over her objection:

> Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. A pedestrian cannot justify his actions by showing that he looked for danger which was apparent but did not see it. Mere looking will not suffice. A pedestrian is

---

1. 14 M.R.S.A. § 156 provides, in pertinent part:

Where any person suffers ... damage as a result partly of his own fault and partly the fault of any other person or persons, a claim in respect of that ... damage shall not be defeated by reason of the fault of the person suffering the damage, but the damages recoverable in respect thereof shall be reduced to such extent as the jury thinks just and equitable having regard to the claimant's share in the responsibility for the damage.

Where damages are recoverable by any person by virtue of this section, subject to such reduction as is mentioned, the court shall instruct the jury to find and record the total damages which would have been recoverable if the claimant had not been at fault, and further instruct the jury to reduce the total damages by dollars and cents, and not by percentage, to the extent deemed just and equitable, having regard to the claimant's share in the responsibility for the damages, and instruct the jury to return both amounts with the knowledge that the lesser figure is the final verdict in the case.

Fault means negligence, breach of statutory duty or other act or omission which gives rise to a liability in tort or would, apart from this section, give rise to the defense of contributory negligence.

bound to see what is obvious to be seen.[2]

When, as here, the plaintiff has made a timely objection to the instruction pursuant to M.R.Civ.P. 51(b), we have previously stated that "[a]n error in a jury instruction ... is reversible error only if it results in prejudice." *Murray v. E. Maine Medical Ctr.*, 447 A.2d 465, 466 (Me.1982).

Here, the record confirms Davis's contention that there was no evidence before the jury that Davis was crossing a roadway when she was struck by the vehicle being operated by Severance. Accordingly, the challenged instruction resulted in prejudice to Davis because it improperly extended the duty of care required of her for her own safety.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

2. Davis concedes that both parts of the instruction were correct statements of law at the time of the accident. The first sentence of the disputed charge tracks the language of 29 M.R.S.A. § 955(1) (1978), *repealed by* P.L.1993, ch. 683, § A–1 (effective Jan. 1, 1995). The last three sentences of the disputed charge are consistent with our decision in *Milligan v. Weare*, 139 Me. 199, 201–02, 28 A.2d 463 (1942) (citing *Clancey v. Power & Light Co.*, 128 Me. 274, 278, 147 A. 157 (1929)).