HENRY E. COOLIDGE, Admr.,

*vs.*

WORUMBO MANUFACTURING COMPANY.

Androscoggin.    Opinion November 20, 1917.

*Negligence.    Burden of proof as to negligence of defendant and due care on part of plaintiff.    Rule as to proving contributory negligence under and by virtue of Public Laws, 1913, Chapter 27.*

Action on the case for damages for personal injuries incurred by the plaintiff's intestate, James Fitzgerald, while employed by the defendant. The jury returned a verdict for the plaintiff for $3706.25, and the case is before the court on the defendant's general motion for a new trial.

*Held:*

1. A jury may return a verdict based upon inferences properly drawn, but such inferences must be drawn from facts proved in the case, and not merely upon conjecture or guess work.

2. The provision relating to due care on the part of the plaintiff's intestate, as set out in Public Laws, 1913, Chap. 27, does not affect the rights of the parties in this case, for the reason that the injury complained of occurred in 1911, about two years before such provision was made.

3. We fail to see anything in the evidence to justify holding the defendant liable for an accident so clearly due to the negligence of its employees, the risk of which the plaintiff's intestate must be held to have assumed:

Action on the case to recover damages for injuries sustained by the plaintiff's intestate through the alleged negligence of defendant company. Defendant filed plea of general issue, and also brief statement. Verdict for plaintiff in the sum of $3706.25. Defendant filed a motion for a new trial. Motion sustained. New trial granted.

Case stated in opinion.

*Francis M. Carroll,* of Boston, *and Bion B. Libby,* for plaintiff.
*McGillicuddy & Morey,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

HANSON, J.   Action on the case for damages for personal injuries incurred by the plaintiff's intestate, James Fitzgerald, while employed by the defendant.   The jury returned a verdict for the plaintiff for $3706.25, and the case is before the court on the defendant's general motion for a new trial.

The defendant was engaged in building an addition to its mill in Lisbon Falls.   Temple Brothers had the contract for the brick and mason work.   The carpenter work was performed by another contractor.   The plaintiff's intestate was in the general employment of the defendant, and performed such work in and about the premises as occasion presented, and the defendant through its superintendent directed.   At the time of the injury complained of, the plaintiff's intestate was employed, with other servants of the defendant, in hoisting lumber for use on the roof of the building.   A place had been provided and had been used by them in hoisting such lumber, but it appears that at the time of the injury the elevator well, while temporarily unused by Temple Brothers, was used by the plaintiff's intestate and his fellow servants as above.   Two counterbalancing cars were used in the elevator well.   On the afternoon before the accident, while hoisting planks, one or more planks slipped from the sling securing them and fell to the bottom of the well, striking and injuring the cross piece of the car which was there secured.   The other car was suspended at the top of the opposite side of the well. The declaration sets out among other things "that it was the duty of the defendant to furnish the said Jas. J. Fitzgerald with a safe place in which to perform said work, but that it failed in said duty and knew or by the use of reasonable diligence should have known that said elevator was then in a defective, unsafe and dangerous condition and likely to cause injury to its employees employed in or about said shaft; that while the said Jas. J. Fitzgerald was engaged as aforesaid and while he was at all times in the exercise of due care, and not knowing of the defective and dangerous condition of said elevator, by reason of its defective and unsafe condition said elevator broke, whereby that platform of said elevator then at the top of said shaft as aforesaid fell down through said shaft and some part of said elevator in falling struck the said Jas. J. Fitzgerald then standing on the third

floor of said building engaged in his duties as aforesaid and threw him down through said shaft so that he struck on the second floor."

The testimony does not show how the accident occurred, or the position of Mr. Fitzgerald at the time of the accident. Was he doing something that the defendant was bound to anticipate that he might do, and which, therefore, it was bound to provide for his doing safely? Again the case does not furnish an answer, but plaintiff's counsel urges (1) that "there is no evidence that Fitzgerald was injured through failure on his own part to exercise ordinary prudence. In this action, tried after his decease, he is presumed to have been in the exercise of due care at the time of injury, and the burden is on the defendant to prove contributory negligence, rather than on the plaintiff to prove that Fitzgerald's injuries were not due to any lack of due care of his own," citing Public Laws, 1913, Chapter 27; *Curran* v. *Railway Co.*, 112 Maine, 98; and (2) "that from the facts which were directly testified to, and which appear in the record, the jury might properly have inferred the further fact, which is undoubtedly true, that Fitzgerald was struck by some portion of the elevator device released by the breaking of the cross-piece. This might be either the cable and whatever was attached to it rising through one well, or the car falling through the other well, or both. The jury could apply their knowledge of natural laws to the facts adduced in proof and infer that, while leaning over the elevator shaft, a blow received on the back of his head from the falling elevator hurled Fitzgerald to the floor below." He was working at general work as he had been for months, in a place of some danger, but with appliances in good condition. He was as well acquainted with the place and the manner in which the work was to be done as the defendant was. He needed no instruction. It is claimed by the plaintiff that the injury to the cross-piece of the elevator was the cause of the injury to the plaintiff's intestate. The plaintiff's intestate was working with the others when the planks fell the day before crushing the cross-bar of the lower car; he was nearer the car than two of the plaintiff's witnesses. On the day of the injury he began work with the others, in the same place, with the lower car in full view. Counsel for the plaintiff in his brief states the situation in these words: "On the morning of the accident Fitzgerald was stationed on the third floor, guiding the lumber as it was being hoisted to the fourth floor. The platform of the top car was at the roof level and directly over Fitz-

gerald's head, and during the progress of the work some lumber, as it was hauled up, swayed against the cable attached to the bottom of the suspended car and on reaching the top struck against the flooring of this car." The plaintiff's theory is that the lumber was landed on the fourth floor. If that is the fact, then Fitzgerald must have known, or it must be held that he knew that, whatever the effect was, lumber did in fact strike the cable and the bottom of the suspended car, and that such use was improper and dangerous, and in no manner due to the negligence of the defendant. He, of all others, must have known about the lumber striking the car above his head and so near his head that the swaying against the cable and striking the car were within his clear view and hearing. However that may be, the controlling question remains,—was the defendant negligent? Did it have notice of the defect causing the injury and fail to repair it? Here the plaintiff has the burden of proof, and in this we think he has failed signally, and for these reasons: The machinery connected with the elevator, and the elevator itself, were not the property of the defendant; the elevator well was not in itself an unsafe place in which to hoist the lumber, and if unsafe in this instance it was rendered so by the plaintiff's intestate, or by his fellow-servants, or both, in their careless use of the appliances furnished them, a condition over which the defendant had no control and in which it cannot be held responsible.

It does not appear that the injury to the lower elevator car was the proximate cause of the accident, and the case does not show how the accident happened, or by whose neglect.

It is claimed by the plaintiff that there was direct connection between the injury to one of the elevators the day before and the accident itself—that the accident would not have occurred if the cross-bar had not been injured the day before, and that the jury could properly infer that the falling elevator struck the plaintiff's intestate; but the testimony does not authorize us to accept the plaintiff's contention as correct. The whole matter is left to conjecture. True, a jury may return a verdict based upon inferences properly drawn, but such inferences must be drawn from facts proved in the case, and not merely upon conjecture or guess work. The provision relating to due care on the part of the plaintiff's intestate as set out in Public Laws, 1913, Chap. 27, does not affect the rights of the parties in this case, for the reason that the injury complained of occurred in 1911, about two years before such provision was made.

Was the accident due to the defendant's negligence in not repairing one elevator over night, or to the negligence of the crew of which the decedent was a member, in carelessly striking the other elevator the following day? Of these two possibilities, which is right? The case does not show, nor is there anything in the testimony to lead a fair and reasoning mind to one conclusion rather than to the other.

Again, the witnesses say that the work was done carelessly, and the suspended elevator may have been so injured by planks raised against it as to cause the accident independently of the injury to the other the day before. If so, the accident was the result of the negligence of all the servants employed, including the plaintiff's intestate. It is a matter of considerable doubt from the evidence which elevator was at the top, or in fact whether the lumber was raised in that part of the well occupied by the top elevator, and it is pointed out by defendant's counsel that lumber could not be raised in that part of the well occupied by the elevator as claimed in the writ. The facts brought out are important only as bearing upon the question of the defendant's negligence.

On the morning of the accident the work proceeded the same as before the injury to the elevator, and in a most careless manner. The planks in their ascent were permitted carelessly to strike the cable holding the elevators, and as carelessly to strike the bottom of the suspended elevator, all of which must have been under the observation of Mr. Fitzgerald, whether he was negligent or not, and for two hours on that morning such condition existed, was known to Fitzgerald, and unknown to the defendant. We fail to see anything in the evidence to justify holding the defendant liable for an accident so clearly due to the negligence of its employees, the risk of which the plaintiff's intestate must be held to have assumed. *Cote* v. *Jay M'f'g Co.*, 115 Maine, page 300; *Elliott* v. *Sawyer*, 107 Maine, 196.

The principal witness at a former trial was the principal witness in the case at bar. His testimony on his own admission is just the opposite of his former testimony,—not upon one fact, but upon a series of facts and circumstances connected with the work, the machinery, and his own movements during the morning of the accident; so that no reason can be found to view his testimony in any other light than that of a swift witness. He offers no excuse or explanation for the change in his testimony. His testimony at this time was vital to the plaintiff's case. Without it the plaintiff could

not recover. It bears the stamp of inherent incredibility. If the
jurors believed him they erred, as they have in their verdict, for a
careful study of the case reveals no ground upon which the defend-
ant can be held to answer under the law for the unfortunate accident
to the plaintiff's intestate.

The entry will be,

> *Motion sustained.*
> *New trial granted.*