SHERMAN D. PAGE vs. CHARLES E. MOULTON.

Androscoggin.    Opinion March 19, 1928.

Berman & Berman, for plaintiff.
Ralph W. Ferris, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BASSETT, PATTANGALL, JJ.

WILSON, C. J.   An action to recover damages for injuries received in a collision with the defendant's automobile.   The jury awarded the plaintiff damages in the sum of three thousand dollars.   The case comes up on exceptions to the admission of evidence and a refusal by the presiding Justice to direct a verdict for the defendant and on motion for a new trial on the usual grounds.

At a previous trial, a jury awarded the plaintiff a verdict for thirty-five hundred dollars, and on motion this Court set it aside as "grossly excessive."   It also intimated that the jury must have failed to fully appreciate the testimony as bearing on the defendant's liability.

There were no disinterested witnesses who saw the entire occurrence.   The plaintiff and defendant alone were in a position to know what actually transpired.   The story of either could hardly be accepted as an accurate account of what actually occurred.   What took place happened within a few seconds.   The plaintiff testified that he has no recollection of what occurred after he was struck.   It may be only fair to the plaintiff, therefore, to infer that, in the excitement of the moment and in a position of peril, he may not have remembered after the accident what really happened.

If the jury were warranted, in view of the other evidence in the case, in accepting the plaintiff's story of the accident, he was entitled to a verdict.   He was not guilty of negligence as a matter of law in attempting to cross the street at this point instead of going by way of the cross walk one hundred and forty-five feet away.   His negligence under the circumstances became primarily a question of fact for the jury.   *Shaw* v. *Bolton*, 122 Me., 234; *Tooker* v. *Perkins*, 86 Wash., 567; *Henessey* v. *Taylor*, 189 Mass., 583.

But if it occurred in the manner described by the defendant, while the jury could well have found the defendant guilty of negligence for not giving a warning when he saw a pedestrian walking across the street looking in the other direction, the plaintiff was also under such circumstances clearly guilty of contributory negligence and could not recover.

The plaintiff testified that, on leaving his place of employment

at the Buick Station on the corner of Sebattus and Main Streets in Lewiston, he started diagonally across the street to visit a fruit store on the other side; that he saw an electric car approaching three or four hundred feet behind him, or to his left, but kept on a diagonal course until across the car tracks in the center of the street which was forty-three feet wide at that point. Before reaching the car tracks, he saw the defendant's car coming toward him at least sixty or seventy feet away. He then, according to his testimony, crossed the car tracks to what he considered a position of safety, two feet beyond the tracks, and stopped to let the defendant's car pass, but as the defendant's car approached within twenty-five or thirty feet of his position it swerved to its left and came directly toward him, and not daring to retreat for fear of the approaching electric car from behind him, or to cross in front of the defendant's car, he adopted what he considered the safest course, of standing still, expecting the defendant would swing his car back toward the right hand curb and thus avoid him. He was struck, he said, on the right knee by the bumper at a point on the left hand side of the car near the left mud guard and after that he knew nothing more of what occurred.

The defendant's version was that he saw the plaintiff before he reached the car tracks, that he did not stop at all, but was apparently watching other cars that were ahead of the defendant; and without looking to his right continued on in front of the defendant's car; that he did not realize the plaintiff was not going to stop to let him pass until too late to avoid the accident, and although he applied his brakes, the plaintiff, just as the defendant's car was about to come to a standstill, was struck by the bumper on the right side of his car and fell over the right mud guard and landed on the pavement on the right hand side of the street near the curb and was picked up just opposite his front wheel.

It is true there are some improbabilities in both stories. It is improbable that a man would drive his automobile against another standing still in the middle of the street with abundant room to pass on the right. The distance between the rail and the curb on Sabattus Street at the point of the accident is nine-

teen feet. It is also somewhat improbable that a man in these days would deliberately walk across a much traveled street, and continue to look to his left, without once glancing to his right as he passed the center of the street.

We must, therefore, consider the other evidence in the case and determine whether it so overwhelmingly outweighs the plaintiff's testimony as to render the jury's verdict clearly wrong. A verdict based on improbable and unsupported testimony of one interested witness, if clearly outweighed by all the evidence in the case, can not stand.

The position in which the plaintiff was found after the accident, both with reference to the curb and the defendant's car, is in itself almost conclusive testimony in corroboration, in part at least, of the defendant's version. *Res ipsa loquitur.* It is almost inconceivable that the plaintiff standing still could have been struck by the bumper at a point just inside of the left mud guard of a car, just about to come to a stop, with force enough to have thrown him clear over the right mud guard to the street on the right hand side of the car.

That the car stopped almost at the moment of impact is the only conclusion that could be drawn from the uncontradicted testimony of several disinterested witnesses as to the relative position of the plaintiff and the front wheel of the defendant's car after the accident.

Not only does the undisputed testimony as to the position of the plaintiff and the car immediately after the accident alone almost conclusively outweigh the plaintiff's testimony as to how the accident occurred, but it is supported by all the witnesses who were in a position to see any part of the accident. There is no supporting evidence of the plaintiff's version. A disinterested witness walking along the sidewalk, three young ladies in the defendant's car, the motorman on the approaching electric car and a truckman who was just behind the defendant's car all corroborate in some degree the defendant's story, or at least that part of it, that the plaintiff was struck, not by the left side of the bumper, but by the right side and that he was not standing still by the railroad track but was attempting to cross the street between passing cars. Regardless of the defendant's negligence in

not sounding a warning with his horn or in not applying all means at his command to stop his car when he finally realized that the plaintiff was going to cross in front of him, the plaintiff was also clearly negligent if he attempted to cross a much traveled street without keeping watch at his right for approaching cars, and equally so, we think, if he saw the defendant's car approaching within twenty-five feet, and attempted to cross through traffic as congested as the evidence discloses it was at this point at that time of day. There is no reasonable conclusion to be drawn from the testimony other than that he took a chance of crossing between two passing automobiles that were approximately thirty feet apart and travelling at the rate of fifteen miles per hour.

If injured while attempting to cross in front of the defendant's car, there is no adequate ground, we think, upon which the rule excusing what might otherwise constitute negligence, when confronted by an impending danger, can be applied, or the doctrine of "last clear chance." There is no evidence in the case that would have warranted the jury finding that he finally attempted to cross to escape from a perilous position, and he denies it; and even if the jury was warranted in finding that when the defendant discovered that the plaintiff was going to continue across the street, he did not use such means as he had to stop his car, the negligence of the plaintiff in attempting to cross in the midst of traffic either without looking or without due consideration of the proximity and speed of defendant's car, continued up to the moment of the collision. *Ward* v. *Railroad Co.*, 96 Me., 136.

While this Court does not attempt to pass on the credibility of witnesses, the testimony to sustain a verdict must be credible, reasonable, and consistent with probabilities and with the circumstances proven by uncontradicted testimony. *Moulton* v. *S. & C. P. R. R. Co.*, 99 Me., 508, 510; *Cawley* v. *La Crosse R. R.*, 101 Wis., 150; *Hall* v. *Power Co.*, 123 Me., 202. The jury in the case at bar must have misunderstood the law or drawn inferences from the evidence that were unwarranted. The verdict is clearly wrong.

*Motion sustained.*
*New trial granted.*