CHARLES L. RICE *vs*. CHARLES E. KEENE

AND

HELEN DUGAN RICE *vs*. CHARLES E. KEENE.

Penobscot County. Decided June 28, 1930. These two actions, tried together, were brought to recover damages for in-

juries sustained by reason of defendant's automobile colliding with plaintiff, Helen Dugan Rice, a pedestrian crossing one of the principal streets of the City of Bangor. Her claim was based upon serious physical injuries received. The claim of Charles L. Rice, her husband, was for financial loss arising from the same cause.

A jury found for the plaintiffs, assessing damages in the case of Mrs. Rice in the sum of $3,600, and in her husband's case $1,000. The cases are here on exceptions and general motion.

The sole exception relates to the refusal of the presiding Justice to give the following instruction: "The defendant did not owe the duty to the plaintiff to be expecting the plaintiff to cross the street at a place other than at a crosswalk." The presiding Justice, after reading the requested instruction to the jury, said, "I give you that instruction with this modification. He was not bound to anticipate in advance that she would cross at a place other than the crosswalk; but if, in the exercise of ordinary diligence, he should have known of her crossing, whether on a crosswalk or not, then he is charged with that knowledge."

This was equivalent to a ruling that the mere fact that plaintiff was crossing the street at a place other than a crosswalk did not necessarily relieve defendant from a charge of negligence, which is so manifestly correct that it requires no discussion.

The general motion is not based on the premise that defendant was not negligent. The evidence is plenary on that point. It is based upon the contributory negligence of plaintiff and specifically upon the proposition that because she was, in contravention of a city ordinance, crossing the street at a place other than a crosswalk, her conduct was necessarily negligent and a contributing cause to the injury, precluding recovery of damages.

Such crossing is evidence of negligence, not proof of it. It is to be, and doubtless was, considered by the jury together with the other circumstances of the case and a conclusion was reached which we can not say was unwarranted.

Objection is made to the amount of the verdict in the case of the husband. His testimony was to the effect that the bills paid by him to a physician, to the hospital, and to nurses amounted to $716. Mrs. Rice was in the hospital thirty-two days and the injuries sus-

tained prevented her resuming her usual household duties for a much longer time. This situation involved additional expense, not testified to in detail, but very properly considered by the jury. Exceptions and motion overruled. *Fellows & Fellows*, for plaintiffs. *Michael Pilot, E. P. Murray*, for defendant.