RUTH F. RAMSDELL, ADMINISTRATRIX

*vs.*

ARNOLD J. BURKE.

Cumberland.    Opinion, March 18, 1944.

*Milan J. Smith* for the plaintiff.

*William B. Mahoney*,

*James R. Desmond*, for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MANSER, J.   This case comes forward on exceptions to the confirmation of a report of referees by a Justice of the Superior Court. The action was brought under the so-called death liability statute, or Lord Campbell's Act, R. S., 1930, c.101, §§ 9, 10. It was heard by referees who found for the defendant, and judgment was rendered in his favor.

Henry F. Ramsdell, the intestate, came to his death by reason of an automobile accident occurring September 24, 1941. On the evening of that day he was afoot, crossing Brighton Avenue in Portland, as a point near its intersection with Capisic Street, when a collision occurred with the automobile driven by the defendant. Ramsdell died two days later without

conscious suffering. Upon the question of proof of liability under such circumstances, R. S., c.96, §50, has application. It reads as follows:

"In actions to recover damages for negligently causing the death of a person, or for injury to a person who is deceased at the time of trial of such action, the person for whose death or injury the action is brought shall be presumed to have been in the exercise of due care at the time of all acts in any way related to his death or injury, and if contributory negligence be relied upon as a defense, it shall be pleaded and proved by the defendant."

The effect of this statute is important in connection with the record here presented. The legislation is in consonance with public policy. In an action between living parties, the plaintiff would be required to prove that he was in the exercise of due care and that no want of care on his part contributed as a proximate cause of the accident. When, however, his lips are sealed in death, his version of the accident is not available. Neither can he deny nor explain evidence offered by the defendant.

The statute, by its explicit terms, creates a presumption as to the due care of the deceased person "at the time of all acts in any way related to his death or injury," which obviates the necessity of proof in his behalf and makes a prima facie case for the plaintiff with respect to the decedent's own due care.

The statute then adds:

"If contributory negligence be relied upon as a defense, it shall be pleaded and proved by the defendant."

Such defense was pleaded.

The evidence would warrant the conclusion that the deceased had reached a point in the street about 15 feet from the sidewalk. A concave indentation was found, about the size of a small soup plate, at the front of the right fender, but there

was no definite testimony as to when the dent was made. The defendant had purchased the car the same day, and testified that he did not then notice whether there was such indentation.

The first knowledge that the defendant and his passenger had of the accident, was when the body of the deceased came or rolled up over the hood by the windshield. These two witnesses estimated that the car was being driven from 20 to 25 miles per hour. The defendant said he immediately veered to the left, jammed on his brakes and went about 20 feet. He also said that the brakes were working properly.

The basis of the finding by the referees, as stated in their report, was that the deceased was guilty of contributory negligence. It inferentially appears that they found negligence on the part of the defendant, and applied the rule repeatedly stated in our decisions that a person is barred from recovery for the negligence of another when his own want of due care contributed to the injury.

No witness saw the deceased as he proceeded from the sidewalk into the street. One man saw him walking across the filling station yard at the corner of Capisic Street and Brighton Avenue, but he says nothing as to seeing the defendant's car approaching at that time, and knew of no danger until he heard the bump of the collision. There is no evidence as to the distance the defendant's car was from the deceased when he started across Brighton Avenue. There were two street lights in the near vicinity, both of 250 candlepower. The record is silent as to facts showing whether in the exercise of reasonable care, the deceased had or had not the right to assume there was time and opportunity to cross in front of the car.

To sustain the finding of the referees, it must be shown that there was evidence to rebut the presumption of due care on the part of the deceased, and to justify the conclusion that the defendant had sustained the burden of proof as to contributory negligence.

Presumptions of law and so-called presumptions of fact in favor of a party to litigation, are of many varieties and characteristics. An exposition relating thereto may be found in *Watkins* v. *Insurance Co.*, 315 Pa., 497; 173 A. 644; 85 A.L.R., 869. The presumption here created by statute is definite and explicit.

There was no direct or positive testimony as to the conduct and action of the deceased, except that he was walking towards Brighton Avenue which he evidently undertook to cross.

Decision may, of course, be based upon inferences properly drawn, but such inferences must be drawn from facts proved in the case, and not merely upon conjecture or guesswork. *Coolidge* v. *Manufacturing Co.*, 116 Me., 445, 102 A. 238.

An inference can be drawn only from facts, and mere possibilities will not sustain a legitimate inference of the existence of a fact. 23 C.J., Evidence, §1795, 32 C.J.S., Sec. 1042.

"When it is sought to establish a case by an inference drawn from facts, such inference must be drawn from facts proved. It cannot be based upon a probability." *Alden* v. *Railroad Co.*, 112 Me., 515.

"When it is sought to establish a case upon inferences drawn from facts, it must be from facts proven. Inferences based on mere conjecture or probabilities will not support a verdict." *Mahan* v. *Hines*, 120 Me., 371 at 378.

"In the absence of evidence, the mere possibility which exists in every case, that the plaintiff (decedent) may have been guilty of negligence, cannot be made the basis of a ruling against him." *Manor* v. *Gagnon*, (N. H.) 32 A. 2d, 688.

To sustain exceptions, the excepting party must show that the findings of fact by the referee are not sustained by the evidence. *Hovey* v. *Bell*, 112 Me., 192, 91 A., 844.

When the decisions state that the findings of fact by a referee are final, if there is any evidence to support them, it must always be understood that the evidence is of probative value. As said in *Jordan* v. *Hilbert,* 131 Me., 56, 158 A., 853, 854,

"The finding of fact by the Referee . . . was properly accepted in the Trial Court as final. It was supported by evidence of probative value."

It is argued by the defendant that the case of *Bechard, Adm'x.* v. *Lake,* 136 Me., 385, 11 A., 2d, 267, has application as to the present factual situation, but that case is clearly distinguishable. There, positive physical facts were of record, which are entirely lacking in the present case. Among them was one of significance as compared with the circumstances here. It was that the deceased emerged upon the highway from comparative obscurity, because of night darkness, cloudy sky and rain, into the pathway of an automobile on its own right hand side of the street. Here, the only evidence is that the deceased was struck when 15 feet from the sidewalk where he could be clearly seen. The driver did not veer to the left until after the impact. There is nothing to show that the body was carried any distance at all by the car. It is not a reasonable inference from any proven facts to assume that the deceased was negligent when he had arrived at a point where he was beyond the danger of being struck by a car which had ample opportunity to proceed on the right hand side of the street.

*Exceptions sustained.*