PAUL LANGE

*vs.*

LAURIER GOULET

Androscoggin.   Opinion, February 1, 1949.

*Lessard and Delahanty*, for plaintiff.

*Edward S. Beauchamp*, for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

MURCHIE, J.   Defendant's motion for a new trial in this cause challenges a jury verdict for $1,500, returned in favor of a 73-year-old plaintiff, slightly lame and somewhat hard

of hearing, injured while walking on a cross-walk at an intersection of ways in broad daylight, when struck and knocked down, as he alleges, by a motor vehicle operated by the defendant. A light fall of snow was not sufficient to obscure vision.

The allegation of the motion that the damages are excessive has been waived. The sole issues are whether, on the record, the findings of the jury that the defendant was negligent and that the plaintiff was not, implicit in the verdict, were justified. They must be resolved within the established principle that the judgment of a court should not be substituted for that of a jury, based on evidence concerning which reasonable men may differ, *Eaton* v. *Marcelle*, 139 Me. 256; 29 A. (2nd) 162. The burden rests on the defendant to show that the verdict is manifestly wrong. *Searles* v. *Ross et al.*, 134 Me. 77; 181 A. 820.

The accident occurred at the intersection of Lisbon and Pine Streets in Lewiston. Traffic at the time was being controlled by lights operating in a 70-second cycle which permitted vehicular traffic on Lisbon Street to proceed during approximately 40 seconds of each cycle, and that on Pine Street to do so for 20 seconds, with two 5-second intervals for pedestrians. Lisbon Street measured a little less than 40 feet from curb to curb. When the plaintiff reached the curb from which he later stepped to make his crossing the lights were holding vehicles on Lisbon Street from entering the intersection. He waited until the cycle then in operation had been completed and started across that street when the vehicles on it were again stopped. He was roughly three-quarters of the way across when he fell, as the defendant asserts, or was struck, according to his own testimony. He was directly in the path the defendant would naturally follow in entering the intersection and turning to the right, as was his plan. The traffic light changed at that time and defendant's car moved forward very slowly,

as is evidenced by his own testimony and the fact that he stopped almost at the time plaintiff landed on the ground.

On the disputed points as to whether the injuries resulted from a fall or impact with the motor vehicle and whether plaintiff was lying in front of defendant's car or partly under it when help reached him in a matter of seconds, the record carries clean-cut conflicts of testimony. The verdict indicates that the jury accepted the evidence given by the plaintiff and on his behalf on both points. The motion would be overruled on the authority of the cases heretofore cited if it had not been urged on behalf of the defendant that a finding of negligence against the operator of a motor vehicle cannot be sustained on testimony establishing that it was moving slowly on the go-ahead signal of a traffic light, and that the plaintiff must be considered negligent as a matter of law because his own evidence indicates that he did not see the defendant's car prior to impact, although it must have been in plain view. On this point defendant's counsel cites *Gregware* v. *Poliquin,* 135 Me. 139; 190 A. 811. The principle therein declared, that a failure to see whatever should be seen in the exercise of due care constitutes negligence, is sufficient in and of itself to support the verdict under review so far as it carries a finding of negligence on the part of the defendant. His own statement was that he did not see the plaintiff until within a few feet of him.

The claim that the operator of a motor vehicle must be held blameless as a matter of law when moving slowly under the direction of a traffic light, notwithstanding his vehicle collides with a pedestrian moving normally in its path, has never been asserted heretofore in a litigated case, so far as this court is aware. No authority for it is offered. It must be rejected on the simple grounds that it does not stand the test of common sense, and would establish an unwise public policy if accepted. As was stated by this court in *Cameron* v. *Lewiston, Brunswick and Bath Street Rail-*

*way,* 103 Me. 482; 70 A. 534 at page 537; 18 L. R. A. N. S. 497; 125 Am. St. Rep. 315, later quoted with approval in *Savoy* v. *McLeod,* 111 Me. 234; 88 A. 721; 48 L. R. A. N. S. 971:

> "the court should establish, as the law, the rule which prevents injury or loss of life, rather than that which invites, or even permits it."

Whether under any particular circumstances, whatever the speed of a motor vehicle colliding with a pedestrian on a cross-walk may be, the operator of it, or the pedestrian, is using due care are questions of fact for jury determination, except in cases where the pedestrian enters the path of the vehicle so abruptly as to give its operator no opportunity to see him and avoid hitting him. Typical exceptions are found in such cases as *Milligan* v. *Weare,* 139 Me. 199; 28 A. (2nd) 463; and *Wiles* v. *Connor Coal and Wood Co.,* 143 Me. 250; 60 A. (2nd) 786. The general rule was well stated in *Shaw* v. *Bolton,* 122 Me. 232; 119 A. 801, as follows:

> "what ordinary care and prudence demands and whether the conduct of the traveler conforms to such demand are questions of fact to be left to the judgment of a jury."

This statement, made with reference to a pedestrian struck by an automobile while he was crossing a street, applies with equal force to the operator of a motor vehicle at a crossing for pedestrians. On the present record it cannot be said as a matter of law that there was error in either of the findings necessarily carried by the verdict.

*Motion overruled.*