CLARA I. MARSH

*vs.*

GEORGE P. WARDWELL

Cumberland.    Opinion, October 6, 1953.

*Albert Knudsen,*
*William B. Mahoney,* for plaintiff.

*Edward J. Berman,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ., MURRAY, A. R. J.

PER CURIAM.

This was an action on the case to recover for personal injuries to the plaintiff caused by the alleged negligence of the defendant. The plaintiff was struck and seriously injured by the defendant's automobile while crossing a well-defined *crosswalk* at the intersection of State and Spring Streets in Portland. Before crossing the plaintiff looked and saw the defendant's car approaching. She determined that she had time to cross the street. It was after dark; it was raining and the plaintiff was carrying an umbrella in one hand and bundles under the other arm. She admitted that after she started to cross the street she did not look again before she was struck by the defendant's car, which was at a point within a few feet of the curb to which she was crossing.

The case resulted in a verdict for the plaintiff in the sum of $17,500. The case is before the court upon a motion for a new trial on the usual grounds, and also upon exceptions to the refusal to give certain requested instructions. The amount of damages was not questioned before this court.

The theory relied upon by the defendant in support of his motion is that the plaintiff, knowing that the automobile was approaching, was negligent *as a matter of law* in crossing the street without looking again while crossing to ob-

serve the manner of its approach. The question presented to us is whether the conduct of the plaintiff as disclosed by the record amounted to contributory negligence *as a matter of law*, or whether the question of the plaintiff's contributory negligence was *one of fact* for the jury.

A majority of the court, upon the authority of *Gosselin v. Collins*, 147 Me. 432; *Day* v. *Cunningham*, 125 Me. 328; *Sturtevant* v. *Ouellette*, 126 Me. 558; *Wetzler* v. *Gould*, 119 Me. 276; *Shaw* v. *Bolton*, 122 Me. 232; *Lange* v. *Goulet*, 144 Me. 16; *Dyer* v. *Ayoob*, 134 Me. 502; and *Wiles* v. *Connor Coal & Wood Co.*, 143 Me. 250, are of the opinion that on the facts disclosed in the record this was a question of fact for the jury.

The requested instructions, as set forth in the bill of exceptions (where not already covered in the charge), are based upon the premise that a pedestrian must, as a matter of law, not only look before starting to cross the street *at a crosswalk* but "continue his observations while crossing the street." These requested instructions are subject to the same infirmity as is the ground urged in support of the motion for a new trial.

A majority of the court being of the opinion that whether or not the plaintiff's conduct amounted to contributory negligence was a question of fact and not of law, both the motion and the exceptions must be overruled.

*Motion for new trial overruled.*

*Exceptions overruled.*