MARIO CATANESE *vs.* FRANCIS B. MACENTEE.

Middlesex.     May 4, 1955. — September 19, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way.  *Motor Vehicle*, Operation.

Evidence of the circumstances in which a pedestrian, blind in one eye, while walking in the daytime across a square formed by two streets intersecting diagonally, was injured by collision with a motor truck which could have been found to have entered the square from one of

the streets and to have turned left to proceed on the other street, warranted a finding of negligence on the part of the operator of the truck and did not require a ruling that the pedestrian was guilty of contributory negligence; and instructions to the jury as to the duty of an operator of a motor vehicle under G. L. (Ter. Ed.) c. 90, § 14, as amended, in making a left turn at an intersection were appropriate.

TORT. Writ in the Superior Court dated June 14, 1949.
The action was tried before *Nagle*, J.

*Richard D. Gerould*, City Solicitor, for the defendant.

*Abner R. Sisson*, (*Anthony W. DiCecca* with him,) for the plaintiff.

WILLIAMS, J. The plaintiff was injured in the afternoon of November 18, 1948, while walking across Calnan, formerly Inman, Square in Cambridge, by collision with a truck owned by the city of Cambridge and operated by the defendant, its employee. In an action of tort for damages the plaintiff obtained a verdict. Exceptions were taken by the defendant to the denial of his motion for a directed verdict; to the refusal of the judge to rule as requested that "A pedestrian, crossing a city square in daylight, is guilty of contributory negligence in walking into the side of a moving motor vehicle"; and to that part of the charge in which the judge quoted from G. L. (Ter. Ed.) c. 90, § 14, as amended, the portion pertaining to the duty of an operator of a motor vehicle in making a left turn at an intersection.

Calnan Square is formed by the intersection of Cambridge and Hampshire streets. Cambridge Street is about forty-eight feet in width and runs generally east and west between Lechmere Square and Harvard Square. Hampshire Street is about forty-six feet in width and where it crosses Cambridge Street runs generally from the southeast to the northwest. There was evidence that the plaintiff, who was blind in his left eye, was walking from near the sidewalk on the north of the square to the sidewalk on the south, a distance of about sixty feet. He was carrying two heavy crates of grapes on his right shoulder. He testified that before starting to cross the square he looked in all

directions and saw no moving traffic except a city truck about one hundred ninety feet to the southeast on Hampshire Street. He formed an opinion that it was safe for him to walk across the square. "[W]hen he was half way across, his attention was directed to the truck by the noise of the truck in motion, its motor and its rumbling; . . . he looked to the left and saw the city truck bearing down, coming right at him." It was about fifteen feet away and, in his opinion, was going at a speed of twenty-five or thirty miles per hour. "[H]e stepped back, as he was walking, and the front of the truck just missed him; . . . he remembers nothing else." There was testimony from another witness that the plaintiff was hit on the left side of his face by the front part of the corner of the overhang of the truck on the right side. The truck stopped about twenty feet beyond where the plaintiff was struck.

Two occupants of the truck testified that it entered the square from the east on Cambridge Street, but it could be found that it was the same truck which the plaintiff had seen on Hampshire Street and that it entered the square from that street and turned to its left to proceed west on Cambridge Street. In view of this permissible finding it was not error for the judge to quote the statute relating to left turns. It could not have been ruled that there was no evidence of negligence on the part of the defendant or that the evidence required a finding of contributory negligence on the part of the plaintiff. The rights and duties of a pedestrian and the operator of an automobile in the use of public ways are reciprocal and each may rely to some extent on the other using proper care. *Stinson* v. *Soble,* 301 Mass. 483, 485. In the circumstances it was not, as matter of law, negligent for the plaintiff to start from the curb to walk across the square, *La Roche* v. *Singsen,* 281 Mass. 369, 371, and not unreasonable for him to form a judgment that he could traverse the square in safety. *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408. In walking to his destination it was not necessary that he be constantly on the lookout for the approaching truck.

*Gauthier* v. *Quick*, 250 Mass. 258, 261. He could rely to some extent on the operator of the truck seeing him and not running into him. The fact that the plaintiff had defective vision did not require a ruling that he was lacking in due care. *Reed* v. *Union Street Railway*, 320 Mass. 706, 709, and cases cited. But the jury could find that the defendant, who did not testify, should, in the exercise of reasonable care, have seen the plaintiff, and avoided striking him. There was no error in refusing to give the requested ruling. It was a question of fact whether the plaintiff struck the truck, or the truck struck him, but if he walked into the truck, the jury could find that it was due to the act of the defendant operator in causing the truck suddenly to come into the plaintiff's immediate path. See *Buckman* v. *McCarthy Freight System, Inc.* 320 Mass. 551, 553.

*Exceptions overruled.*