GEORGIA E. MCCULLOUGH
*vs.*
HENRY J. LALUMIERE, JR.

Cumberland. Opinion, November 25, 1960

*Julian G. Hubbard,* for plaintiff.
*Robert W. Donovan,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J.   This case is before us on exceptions to the direction of a verdict for the defendant.  The only issue is whether the plaintiff was negligent as a matter of law.  For our purposes negligence of the defendant is assumed.  Under the familiar rule we take the evidence in the light most favorable to the plaintiff. *Ward* v. *Merrill,* 154 Me. 45, 141 A. (2nd) 438.

A jury could find the following:

The plaintiff, aged 76 and totally deaf, was struck by a police car driven by the defendant, a policeman, while she was crossing Congress Street in Portland.  Congress Street is a city street described by the plaintiff as "the main shopping street" running generally east and west from High Street on the east to State Street on the west.  The accident took place about three feet easterly of a crosswalk at Park Street entering Congress Street on the south.  The street is forty feet in width from curb to curb, with about twenty-eight feet between cars parked on each side of the street open for travel at the time of the accident.  Traffic is plainly visible from High Street which is four hundred feet easterly and a substantial distance westerly toward State Street. The accident occurred at 11:30 o'clock on a Saturday morning in March in clear weather.

The plaintiff attempted to cross from the south to the north side of Congress Street.  After several cars passed proceeding toward High Street, she "stepped out beyond the parked cars."  Upon seeing no cars approaching either from High Street or State Street, she started to cross.  When

she was within three or four feet of the cars parked on the north side, she was struck by the left front of defendant's car. At no time did she see the defendant's car, and we must infer that she did not look to her right or in the direction of High Street from the time of her observation of the street before she started to cross.

On his part the defendant in the line of duty was driving two women from a point east of High Street in a westerly direction on Congress Street to a hospital. The car first came within the range of vision of the plaintiff as it passed through the intersection of Congress and High Streets. A blue light on the top of the car was flashing and the siren was blowing as the defendant advanced on Congress Street toward the plaintiff. The defendant's speed when the plaintiff was "a little over halfway across the street" was placed at forty-five to fifty miles per hour. The defendant stopped his car at almost the point of collision. Brake marks extended twenty-five to thirty feet easterly from the accident.

Under the city ordinance, except within a crosswalk, it is unlawful for a pedestrian to cross Congress Street (at least in the area in which we are interested), and further, the pedestrian shall yield the right of way to all vehicles. In short, the plaintiff was crossing the street in violation of the ordinance, and also failed to yield the right of way to the defendant.

The defendant in substance says: that while he was traveling at twenty-five miles per hour the plaintiff suddenly appeared in the path of his car from between cars parked on the north side of the street; that he turned to the right as far as he could in the belief she would pass safely beyond the car; that he was unable to stop before striking her. It is not for us to determine the facts. As we read the record there is nothing inherently improbable in the plaintiff's evidence. For our purposes under the rule it is

sufficient if the facts we have stated could reasonably be found from the evidence.

This in brief is the picture: the plaintiff, totally deaf, first observing no approaching traffic from either direction, started to cross twenty-eight feet of a busy city street and continued to cross without making any further observation of traffic approaching from her right. On the plaintiff's evidence, it is apparent that the defendant's car with its flashing light and sounding siren must have passed High Street and have come within range of vision of the plaintiff at almost the very moment after the plaintiff made her observations.

Without undertaking to reconstruct the action of a few seconds, we may say with certainty that the plaintiff on looking to her right — merely glancing if you will to her right — as she approached the center of the street, would have seen the defendant's car with flashing light coming toward her in his normal traffic lane. If she had looked (for with her deafness she could not listen) she could, so far as this record is concerned, have avoided the accident by simply stopping and letting the defendant pass.

Could reasonable persons conclude that the conduct of the plaintiff was that of the reasonably prudent person under the circumstances? If so, the issue was for the jury; if not, the verdict was properly directed.

In *Shaw* v. *Bolton*, 122 Me. 232, 119 A. 801, a case cited repeatedly with approval, in which the negligence of the pedestrian was held a jury question, the court said, at p. 234:

> "With greater reason there is and can be no hard and fast rule that a foot passenger about to cross a street must as a legal duty look and listen. Thousands of streets and roads, some crowded with motors, others infrequently used by them, are be-

ing crossed by pedestrians every minute in the day. Each instance presents its own problem.

> "The only legal rule that can be laid down is that when entering upon crossings and at all times while traversing them foot passengers shall exercise due care, to wit, such care as an ordinarily prudent and careful person exercises under like circumstances. Under some conditions it may be manifestly negligent to cross a street without first looking and listening. Under some conditions it may be negligent to fail to look and listen again when reaching the center of the street especially when the center is marked by a silent policeman. But what ordinary care and prudence demands and whether the conduct of the traveler conforms to such demand are questions of fact to be left to the judgment of a jury."

See also *McMann* v. *Reliable Furniture Co.*, 153 Me. 383, 140 A. (2nd) 736; *Gosselin* v. *Collins,* 147 Me. 432, 87 A. (2nd) 883; *Lange* v. *Goulet,* 144 Me. 16, 63 A. (2nd) 859; *Dyer v. Ayoob,* 134 Me. 502, 187 A. 757; *Sturtevant* v. *Ouellette,* 126 Me. 558, 140 A. 368.

There are certain other principles useful in determining negligence to be considered in the instant case. We comment briefly upon them.

In crossing outside of the crosswalk, the plaintiff violated the ordinance obviously enacted to facilitate the safe and free flow of traffic. The breach of law is a fact to be considered with other facts by the fact-finder. It is evidence of negligence, but not proof of negligence. *Stearns* v. *Smith,* 149 Me. 127, 99 A. (2nd) 340; *Rice* v. *Keene,* 129 Me. 489, 151 A. 199.

The deafness of the plaintiff is another fact to be considered in finding whether she met the standard of due care of the reasonably prudent person under the circumstances. It seems plain from the record that one with normal hear-

ing would have been warned of the approaching police car by the sound of the siren. The amount of care required of one with an infirmity is increased to reach the standard of due care, but the standard itself is not thereby altered. We may expect the person who cannot hear to use more care to look. Sight may compensate for lack of hearing in a given situation. " . . . the driver (must exert more care) to be alert through the sense of sight, to make up for any handicap because of less than normal acuteness of hearing, . . . " *Brown* v. *Railroad Company*, 127 Me. 387, 389, 143 A. 596. Her infirmity, however, did not render the plaintiff negligent as a matter of law in attempting to cross the street. Again we have evidence bearing upon negligence, but not proof thereof. *Catanese* v. *MacEntee*, 333 Mass. 132, 128 N. E. (2nd) 783.

We have seen that for purposes of our review the negligence of the defendant is admittedly a jury question. In the recent case of *Johnson* v. *Rhuda,*      Me.      (September 1960), we stated again the principle "that a pedestrian in crossing the street is not negligent as a matter of law because he fails to anticipate negligence on the part of the driver of a car." See also *Ross* v. *Russell,* 142 Me. 101, 48 A. (2nd) 403; *Day* v. *Cunningham,* 125 Me. 328, 133 A. 855.

Lastly, it is urged that the plaintiff was negligent as a matter of law in failing to look to her right before entering the far side of the street. In other words, was the plaintiff charged with a duty not only to look before starting to cross, but as well to continue her observations while crossing? We paraphrase the argument of the defendant in *Marsh* v. *Wardwell,* 149 Me. 244, 100 A. (2nd) 423.

The defendant seeks to support his position by reference to *Clancey* v. *Power & Light Co.,* 128 Me. 274, 147 A. 157, and *Glazier* v. *Tetreault,* 148 Me. 127, 90 A. (2nd) 809. In *Clancey,* the plaintiff without looking after leaving the curb

walked upon a streetcar track. The court held that the collision was not due to any negligence of the motorman, but to the negligence of the plaintiff. In *Glazier,* the court, in holding the defendant was not negligent as a matter of law, said at p. 133:

"So it must have been in this case. Assuming that Mrs. Glazier looked carefully in both directions before she started to cross the street, as she says, she admits that she did not look again as she made her crossing and entered the farther side thereof, where a car proceeding as the defendant was would normally be traveling. She did not produce evidence which would justify a finding that defendant was negligent. Her own evidence makes it apparent that she did not exercise due care for her own safety."

There is, in our opinion, a wide difference between *Clancey* and *Glazier* and the case at hand. In the earlier cases, the defendant was in the exercise of due care as a matter of law. In the instant case, the negligence of the defendant is assumed. In the earlier cases, the pedestrian did not even guard against collision with a car driven by the careful or non-negligent driver. Here, the pedestrian, as we have seen, was entitled to some extent to rely upon the exercise of due care by the driver. Further, in neither *Clancey* nor *Glazier* was negligence of the plaintiff the decisive issue. Due care of the defendant as a matter of law ended each case. They are analogous to the situation described by Justice Thaxter in *Ross* v. *Russell, supra,* at p. 105:

"This is not a case of a child darting out into the street directly into the path of a car. We have had in the past a number of such cases not only of children, but of adults, who have stepped suddenly from behind a line of cars into the path of a moving automobile. The issue in those cases has been, not one so much of contributory negligence, but of

whether the act of the pedestrian may not have been the sole proximate cause of the accident."

*Page* v. *Moulton,* 127 Me. 80, 141 A. 183, in which there is language supporting the defendant, is distinguishable from the case at bar. In *Page,* the pedestrian in crossing through congested traffic and beyond streetcar tracks in the center of the street "took a chance" of crossing between passing automobiles. Here the street was empty of traffic from the east for a distance of four hundred feet when the plaintiff started to cross. A pedestrian rightly held negligent as a matter of law in *Page* could here be considered in fact either negligent or in the exercise of due care.

In *Marsh* v. *Wardwell, supra,* the plaintiff before crossing a city street on a crosswalk looked and saw defendant's car approaching. The plaintiff did not look again while crossing to observe the manner of the car's approach. The issue of negligence was held a jury question.

Differences in fact between *Marsh* and the instant case are apparent. In *Marsh,* before crossing on a crosswalk the plaintiff observed the automobile approaching at a distance on his right. In the case at bar, before crossing three feet outside of a crosswalk the plaintiff looked and saw no traffic within four hundred feet on her right. These differences (and others could be noted) do not spell the difference between a question of fact and a question of law. In each instance a judgment upon the safety of crossing was made by the pedestrian before starting to cross.

In our view reasonable men would be warranted in finding that the plaintiff was in the exercise of due care. *Sturtevant* v. *Ouellette, supra.* The issue of contributory negligence on this record is a question of fact for a jury and not a question of law for the court. *Catanese* v. *MacEntee, supra.*

We express no opinion upon what the facts are or what a jury should find. We say no more than that the plaintiff is entitled to "go to the jury."

The entry will be

*Exceptions sustained.*