Russell L. SANSBURY

v.

Edna W. GERRISH, Executrix of Estate of Elmer Gerrish.

Supreme Judicial Court of Maine.

May 6, 1966.

Clifford & Clifford, Lewiston, for plaintiff.

Frank W. Linnell, G. Curtis Webber, Auburn, for defendant.

Before WILLIAMSON, C. J., and TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

MARDEN, Justice.

On appeal from the refusal of the trial Court to grant defendant's motion for judgment n. o. v. on the ground that plaintiff was contributorily negligent as a matter of law.

The evidence would require the finding of the following facts: Plaintiff was injured in the area of the intersection of Gracelawn Road and Turner Road within the limits of the City of Auburn. At this point, and for our purposes, Turner Road runs north and south, Gracelawn Road enters Turner Road from the west, but does not cross it. The immediate area of the collision is at the top of a rise in Turner Road, which from the point of the collision slopes gradually to both north and south. The slope of Turner Road to the north is somewhat more pronounced than the slope to the south, but from the point of collision the top of a car approaching from the north is visible approximately 300 feet away. Turner Road is straight in its vertical plane and is 25 feet wide, hard surfaced. The signed speed limit is 40 m. p. h. The center of Turner Road at the point of the collision was marked by a solid white line. Plain-

tiff and companion S after dismounting from an automobile, which was parked northerly of Gracelawn Road in the vicinity of the intersection, proceeded on foot from the car in a southeasterly direction to reach property located on the easterly side of Turner Road. Their course of travel took them across the portion of Gracelawn Road at its intersection with Turner Road and thence in generally the same direction across Turner Road. Plaintiff was walking slightly ahead and to the left of S, but near enough so that S "could have touched him" and they were engaged in conversation. When they reached a point within the intersection of Gracelawn Road and Turner Road, but at a point approximately on the line of the westerly limit of Turner Road extended across the intersection, S looked both ways on Turner Road, plaintiff was seen to turn his head to the left and they continued on their course. When they reached the center of Turner Road, plaintiff still slightly ahead and to the left of S, S became aware "out of the corner" of her eye of a car coming from the north and "going into Russell." It is not clear whether S stopped with some cry of warning and took one step backward (westerly) or whether she stopped on or near the center line of Turner Road. It is not clear whether plaintiff stopped and was immediately struck by defendant's car or was struck in the process of hurrying forward. It is not in dispute that the plaintiff was struck by the right portion, fender or side, of defendant's car while plaintiff was easterly of the center line of Turner Road.

Defendant's testate, and driver of the motor vehicle which struck plaintiff, approached the scene from the north not in excess of the speed limit and was quoted by the investigating officer as saying in substance that " * * * he came up over that knoll, he was on the proper side of the road, kept driving along and * * * all of a sudden he noticed two people walking across the road * * * that he didn't see them until he was almost upon them * * * that the woman jumped back and * * * he tried to avoid hitting the gentleman, but could not, and struck him in the side."

The jury returned a verdict for plaintiff.

■ The sole issue is whether the plaintiff was guilty of contributory negligence as a matter of law. We review the evidence in the light most favorable to the plaintiff, McCullough v. Lalumiere, 156 Me. 479, 480, 166 A.2d 702.

■ Since the arrival of motor vehicles upon the contemporary scene, the duty imposed upon a pedestrian crossing a public way is that of "due care" and "the law does not undertake to further define this standard" Shaw v. Bolton, 122 Me. 232, 234, 119 A. 801, 802, its measurement being for the jury. We have to this time not found it necessary to particularize by definition what conduct of a pedestrian is, or is not, "due care." McCullough v. Lalumiere (1960), supra, 156 Me. at p. 484, 166 A.2d 702.

Defendant urges us that the time has now come to reappraise this rule pertaining to pedestrians and to establish factual standards of conduct, the failure to meet which will spell negligence as a matter of law.

She urges us to go beyond the rule in *Shaw*, supra, (1923) and include within the pedestrian's factual duty continual vigilance and observation during the crossing. For the reasons hereinafter discussed, it is our view that this case does not call for such examination and revision.

We are here involved with the injury of a pedestrian who is crossing a public way having no defined crosswalk and whose crossing is not affected by local ordinance. Without representation as to the list being exhaustive, the following cases deal with such a situation: *Shaw*, supra; Page v. Moulton, 127 Me. 80, 141 A. 183; McDonald, Admr. v. Pratt, 129 Me. 434, 152 A. 532; Bechard v. Lake, 136 Me. 385, 11 A.2d 267; Wiles et al. v. Connor Coal & Wood Co., 143 Me. 250, 60 A.2d 786; Glazier v.

Tetrault, 148 Me. 127, 90 A.2d 809; and Martin et al. v. Atherton, 151 Me. 108, 116 A.2d 629. All of these cases recognize the *Shaw*, supra, rule and while the ultimate result varies, depending upon the facts, one feature is present in all of them. In every case the plaintiff was injured while entering or occupying that portion of the highway which the defendant was lawfully occupying. For our present case to fall within the same category the collision between the Gerrish car and the plaintiff would have had to occur westerly of the center line of Turner Road. In this circumstance the conduct of plaintiff in crossing the south bound lane lawfully open to the Gerrish car, without observation by the plaintiff, would involve a more difficult jury question, but even then within the principles of *Shaw*, supra, and the other cases listed.

Testing this case with a view of determining whether plaintiff was contributorily negligent as a matter of law, the point of impact on the highway is significant. In *Bechard*, supra, 136 Me. at p. 391, 11 A.2d at 269, there is comment upon the recognition by a pedestrian, within his duty of due care, of the fact that he may be passing from a position of safety "into pathway of automobile lawfully on his side of street," from Cooper & Co. v. American Can Co., 130 Me. 76, 153 A. 889. In *Glazier*, supra, 148 Me. at p. 133, 90 A.2d at p. 812, the court, in sustaining a nonsuit, points out that the plaintiff in making her Street crossing "entered the farther side thereof, where a car proceeding as the defendant was would normally be travelling." Under a similar factual situation a verdict for the defendant was upheld in *Martin et al.*, supra.

■ We do not here have a case of the plaintiff being struck down within that portion of the highway where a jury might well conclude that his due care required

the anticipation of approaching traffic. The plaintiff having gained the center of Turner Road, the jury could well find that any duty of observation on his part would be directed to the *south* from which direction a car could lawfully approach in the lane which plaintiff was about to enter. Conversely, the jury could well find that a duty of due care did not require him to anticipate a south bound car in the easterly lane which he was about to enter. In substance, he was departing from that portion of the highway on which south bound traffic might be anticipated as a peril and entering a portion of the highway where south bound traffic should not have been anticipated as a peril. See Ramsdell v. Burke, 140 Me. 244, 249, 36 A.2d 573 and Haskell v. Herbert, 142 Me. 133, 138, 48 A.2d 637.

Defendant urges that at the moment plaintiff entered the limits of Turner Road the approach of defendant's car should have been observed visually or audibly not more than 300 feet to the north and that failing to observe, or observing, them continuing his course southeasterly across Turner Road was negligence as a matter of law. Assuming that plaintiff were aware of defendant's approach, did "it reasonably [appear] that a prompt crossing could be safely effected if approaching automobiles were lawfully managed and controlled"? Sturtevant v. Ouellette, 126 Me. 558, 562, 140 A. 368, 370.[1] This was a jury question and the jury had to find that plaintiff did effect a safe crossing of that portion of the way which defendant could lawfully occupy.

■ On the other hand if negligence be assumed in plaintiff's failure to observe northerly as he crossed the westerly half of Turner Road, the jury may well have concluded that this negligence was not causally connected with his injury. Such conclusion finds support by analogy to

1. While *Sturtevant* dealt with a pedestrian upon a "crosswalk" the court in Gosselin v. Collins, 147 Me. 432, 434, 87 A.2d 883, and Lange v. Goulet, 144 Me. 16, 19, 63 A.2d 859, also "crosswalk" cases, make it clear that the *Shaw* rule of jury judgment applied.

Wiles, supra, 143 Me. at p. 259, 60 A.2d 786, and Feely v. Norton, 149 Me. 119, 126, (Feely v. Morton) 99 A.2d 285. The jury could well have determined that the defendant was the sole proximate cause of the collision.

The jury finding was within its competence.

The doctrine of "last clear chance" was not briefed.

Appeal denied.

WEBBER, J., did not sit.